UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR L. POWELL,<br>Petitioner,<br>L.J. MILUSNIC, Warden,<br>Respondent. | NO. EDCV 19-1732-PSG (AGR)<br><br>ORDER TO SHOW CAUSE |

On September 11, 2019, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition"), pursuant to 28 U.S.C. § 2241. For the reasons set forth below, Petitioner is ordered to show cause on or before **November 22, 2019**, why the Court should not dismiss the Petition for lack of jurisdiction.

# I.
# PROCEDURAL BACKGROUND

On September 6, 2016, Petitioner pled guilty to Count 1 of the indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in the District of Minnesota. (Exh. A to Petition, docket entries 29, 30, 54 on docket sheet in *United States v. Powell*, CR 16-187 PJS (D. Minn.) (hereinafter "Minnesota Action").[1] On appeal, the Eighth Circuit vacated his sentence and remanded for resentencing. *United States v. Powell*, 719 Fed. Appx. 531, 531-32 (8th Cir. 2018). On remand, Petitioner was sentenced to 120 months in prison and two years of supervised release. (Minnesota Action, Re-Sentencing Judgment on Remand, Dkt. No. 70.) There is no indication on the docket that Petitioner filed an appeal or a 28 U.S.C. § 2255 motion in the Minnesota Action.

# II.
# JURISDICTION

Petitioner, a federal prisoner within the Central District of California, filed the Petition challenging his conviction. He argues that he pled guilty to "a nonexistent offense" under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Pursuant to *Rehaif*, the Government had to prove beyond a reasonable doubt that Petitioner (1) was previously convicted of an offense punishable by more than one year in prison (meaning he was a "felon"); (2) knowingly possessed a firearm in or affecting interstate commerce; and (3) knew he was a felon. *Id.* at 2194; *United States v. Benamor*, 937 F.3d 1182, 2019 U.S. App. LEXIS 26793, *7 (9th Cir. Sept. 5, 2019). Petitioner argues structural error because the district court did not inform him the third element. (Petition at 8.)

"An application for a writ of habeas corpus in behalf of a prisoner who is

---

[1] The court takes judicial notice of Petitioner's prior federal criminal case. Fed. R. Evid. 201; *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

2

authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

To meet the "escape hatch" provisions of § 2255(e), Petitioner must show he (1) made a claim of actual innocence and (2) has not had an unobstructed procedural shot at presenting that claim. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

Petitioner makes no showing that he is factually innocent of the crime of conviction. "'"[A]ctual innocence" means factual innocence, not mere legal insufficiency.'" *Id.* at 1193. Petitioner introduces no evidence indicating he did not know he had previously been convicted of a felony. *Id.* at 1192-93; *see, e.g., United States v. Hessiani*, 2019 U.S. App. LEXIS 29417, *5 (9th Cir. 2019) (finding defendant not entitled to relief under *Rehaif* given evidence Defendant knew he had previously been convicted and sentenced to imprisonment for more than one year); *Benamor*, 2019 U.S. Dist. LEXIS 26793 *12 (noting defendant stipulated that, at time he was arrested, he had been convicted of crime punishable by imprisonment more than one year; and defendant had been convicted of three felonies, including being a felon in possession of firearm and ammunition, for which he received sentences of more than one year).

Petitioner stipulated on the record that (1) he knowingly possessed a firearm on May 10, 2016; (2) prior to May 10, 2016 he had been previously convicted of one or more crimes punishable by imprisonment more than one year; and (3) when he possessed the firearm, he knew that his actions violated the law. (Minnesota Action, Plea Transcript at 25:18-27:11, Dkt. No. 54; Plea Agreement ¶ 2, Dkt. No. 30.) At the sentencing hearing, the judge noted that Petitioner had 15 prior felony convictions as an adult, one of which involved a

prison sentence of 108 months. (Minnesota Action, Sentencing Hearing Transcript at 30:15, 24-25, Dkt. No. 55.) His criminal history category was VI. (*Id.* at 32:2-3.)

Petitioner has not shown that he has not had an unobstructed procedural shot at presenting his claim. Petitioner must show that the legal basis for his claim did not arise until after he had exhausted his direct appeal and first § 2255 motion. *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008). The *Rehaif* decision was issued on June 21, 2019, less than one year after Petitioner was resentenced on remand from the Eighth Circuit. There is no indication Petitioner has ever filed a § 2255 motion in the sentencing court.

## III.
## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **November 22 2019**, Petitioner shall show cause as to why the Court should not dismiss the Petition for lack of jurisdiction.

If Petitioner does not respond to the Order to Show Cause, this action may be dismissed for lack of jurisdiction.

DATED: October 22, 2019

							/s/ Alicia G. Rosenberg
							ALICIA G. ROSENBERG
							United States Magistrate Judge

4